NO. COA13-1191

NORTH CAROLINA COURT OF APPEALS

Filed: 6 May 2014

STATE OF NORTH CAROLINA

    v.                            Mecklenburg County
                                    No.  11CRS219268-69

CHAUNCEY LAJARVIS STERLING,
    Defendant.


Appeal by defendant from judgments entered 13 June 2013 by Judge Lisa C. Bell in Superior Court, Mecklenburg County. Heard in the Court of Appeals 20 February 2014.

> *Attorney General Roy A. Cooper, III, by Assistant Attorney General Daniel P. O'Brien, for the State.*

> *Marilyn G. Ozer, for defendant-appellant.*

STROUD, Judge.

Defendant appeals his convictions of first degree murder and attempted robbery with a dangerous weapon. For the following reasons, we find no error.

## I.  Background

Defendant was indicted for murder and attempted robbery with a dangerous weapon. During defendant's trial he testified that on 22 April 2011, he "got the feeling" that he "need[ed] money." Defendant had spent the night in his sister's apartment

and after she had left for work he went into her room and got her gun. Defendant left the apartment and saw Mr. Robert Barber leave a coffee shop. Defendant followed Mr. Barber thinking he could "try to take some money from him." Defendant then pulled out his gun. According to defendant, Mr. Barber attempted to take the gun away from him. Defendant then shot Mr. Barber twice. Mr. Barber died from a gunshot wound to the chest. The jury found defendant guilty of first degree murder based upon the felony murder rule and attempted robbery with a firearm. The trial court entered judgment sentencing defendant to life imprisonment without parole for the conviction of first degree murder and arrested judgment on the conviction for attempted robbery with a dangerous weapon. Defendant appeals.

## II. Photographs

Defendant turned 18 years old on 22 March 2011, a month before the crimes committed in this case. During defendant's trial, the State admitted photos of defendant and/or his friends which defendant claims portray him as a juvenile "pretending to be [a] rapper[.]" Defendant argues the photos were irrelevant and used only to create an impression in the jury that defendant was a gang member. Defendant did not object to the photos at trial but now argues that "the trial court committed plain error

by allowing the State to introduce and publish photos of the defendant and his friends when they were juveniles posing for Facebook photos." (Original in all caps.)

> For error to constitute plain error, a defendant must demonstrate that a fundamental error occurred at trial. To show that an error was fundamental, a defendant must establish prejudice—that, after examination of the entire record, the error had a probable impact on the jury's finding that the defendant was guilty. Moreover, because plain error is to be applied cautiously and only in the exceptional case, the error will often be one that seriously affects the fairness, integrity or public reputation of judicial proceedings.

*State v. Lawrence*, 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012) (citations and quotation marks omitted). We have reviewed the photos portraying defendant and others making various hand gestures that the State questioned defendant about regarding gang activity. Although we are uncertain of the relevance of these photos, in light of defendant's own testimony that he pulled a gun on Mr. Barber because he wanted to "try to take some money from him" and then shot Mr. Barber twice, we do not believe any of the photos we have viewed of defendant or his friends "had a probable impact on the jury's finding that the defendant was guilty." *Id.; see generally State v. Davis*, 340 N.C. 1, 12, 455 S.E.2d 627, 632 (noting that "[t]he two elements

of attempted robbery with a dangerous weapon are: (1) an intent to commit the substantive offense, and (2) an overt act done for that purpose which goes beyond mere preparation but falls short of the completed offense"), *cert. denied*, 516 U.S. 846, 133 L.Ed. 2d 83 (1995); *State v. Gibbs*, 335 N.C. 1, 51, 436 S.E.2d 321, 350 (1993) (noting that "felony murder is committed when a victim is killed during the perpetration or attempted perpetration of certain enumerated felonies or a felony committed or attempted with the use of a deadly weapon"), *cert. denied*, 512 U.S. 1246, 129 L.Ed. 2d 881 (1994). This argument is overruled.

### III. Second Degree Murder Instruction

Defendant requested the trial court to instruct the jury on second degree murder, which the trial court denied. Defendant contends that "the trial court erred by denying [his] request to instruct on second degree murder including lesser offenses." (Original in all caps.)

> An instruction on a lesser-included offense must be given only if the evidence would permit the jury rationally to find defendant guilty of the lesser offense and to acquit him of the greater. The trial court should refrain from indiscriminately or automatically instructing on lesser included offenses. Such restraint ensures that the jury's discretion is channelled so that it may convict a defendant of only

those crimes fairly supported by the evidence.

The standard for determining whether the trial court must instruct on second-degree murder as a lesser included offense of first-degree murder is as follows:

If the evidence is sufficient to fully satisfy the State's burden of proving each and every element of the offense of murder in the first degree . . . and there is no evidence to negate these elements other than defendant's denial that he committed the offense, the trial judge should properly exclude from jury consideration the possibility of a conviction of second degree murder.

Stated differently, the trial court must determine whether the State's evidence is positive as to each element of first-degree murder and whether there is any conflicting evidence relating to any of these elements.

*State v. Taylor*, 362 N.C. 514, 530-31, 669 S.E.2d 239, 256 (2008) (citations, quotation marks, ellipses, and brackets omitted), *cert. denied*, 558 U.S. 851, 175 L.Ed. 2d 84 (2009).

"First-degree murder by reason of felony murder is committed when a victim is killed during the perpetration or attempted perpetration of certain enumerated felonies or a felony committed or attempted with the use of a deadly weapon." *Gibbs*, 335 N.C at 51, 436 S.E.2d at 350. Defendant's underlying felony to the murder was attempted robbery with a dangerous weapon.

> The two elements of attempted robbery with a dangerous weapon are: (1) an intent to commit the substantive offense, and (2) an overt act done for that purpose which goes beyond mere preparation but falls short of the completed offense. Thus, an attempted robbery with a dangerous weapon occurs when a person, with the specific intent to unlawfully deprive another of personal property by endangering or threatening his life with a dangerous weapon, does some overt act calculated to bring about this result.

*Davis*, 340 N.C. at 12, 455 S.E.2d at 632 (citations, quotation marks, and brackets omitted).

Defendant contends that his testimony established that he changed his mind about committing the robbery and thus there was evidence contradicting the underlying felony of his murder conviction. But defendant admitted that he had an intent to commit robbery when he confessed his goal was to "try to take some money from [Mr. Barber]." Defendant also admitted to an overt act when he stated that he pulled out the gun in furtherance of his intent to rob Mr. Barber. Thus, defendant's testimony alone establishes the elements of attempted robbery, *see id.*, and his further testimony that he then shot Mr. Barber twice, whether he had changed his mind about committing the robbery or not, establishes the elements of first degree murder. *See Gibbs,* 335 N.C. at 51, 436 S.E.2d at 350. The State's

evidence satisfied the requirements for an instruction on first degree murder, according to *Taylor*:

> If the evidence is sufficient to fully satisfy the State's burden of proving each and every element of the offense of murder in the first degree . . . and there is no evidence to negate these elements other than defendant's denial that he committed the offense, the trial judge should properly exclude from jury consideration the possibility of a conviction of second degree murder.

*Taylor*, 362 N.C. at 530-31, 669 S.E.2d at 256. As such, the trial court did not err in not instructing the jury on the charge of second degree murder, and this argument is overruled.

## IV. Sentencing

Lastly, defendant contends that the trial court committed error because of the trial court's "failure to consider the defendant's developmental age before imposition of a sentence of life without parole violates a defendant's constitutional right to freedom from cruel and unusual punishment." (Original in all caps.) Defendant bases his argument on the United States Supreme Court case of *Miller v. Alabama*, 567 U.S. ___, 183 L.Ed.2d 407 (2012), which determines that a sentencing court must take into consideration a juvenile defendant's "chronological age and its hallmark features—among them, immaturity, impetuosity, and failure to appreciate risks and

consequences" before imposing a sentence of life imprisonment without the possibility of parole. *Id.*, 567 U.S. at ___, 183 L.Ed. 2d at 423. But the holding in *Miller* has no application to a person who has attained the age of 18 when the crime is committed: "We therefore hold that mandatory life without parole for those *under the age of 18 at the time of their crimes* violates the Eighth Amendment's prohibition on cruel and unusual punishments." *Id.* at ___, 183 L.Ed. 2d at 414-15 (emphasis added) (quotation marks omitted). Defendant's argument is based on common sense but not on the law, since it is true that there was likely not a substantial difference between defendant's level of maturity and understanding on the day before his 18th birthday as compared to one month later, when he committed these crimes.

Yet the law must draw bright-line distinctions based on age in many areas. We find it instructive that the same age-based bright line applies to capital punishment. *See State v. Garcell*, 363 N.C. 10, 678 S.E.2d 618, *cert. denied*, 558 U.S. 999, 175 L.Ed. 2d 362 (2009). Where a defendant who was just five months beyond his 18th birthday when he committed murder argued that he should not be subject to capital punishment based on *Roper v. Simmons*, our Supreme Court rejected this argument

and noted that

> [d]efendant's reliance on *Roper v. Simmons* is misplaced. The Supreme Court of the United States held in *Roper* that the Eighth and Fourteenth Amendments to the United States Constitution forbid imposition of the death penalty on offenders who were under the age of 18 when their crimes were committed. The Court created a bright line, categorical rule. Furthermore, the Court was very clear that the issue before it concerned a defendant's age at the time he committed a capital crime, not when his case was tried and he was sentenced.

*Id*. at 53, 678 S.E.2d at 645. Defendant's age falls past the bright line drawn by *Miller*, which applies only to those who commit crimes prior to the age of 18. *Miller* at ___, 183 L.Ed. 2d at 414-15. Accordingly, this argument is overruled.

## V.    Conclusion

For the foregoing reasons, we find no error.

NO ERROR.

Judges CALABRIA and DAVIS concur.